## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | of New York (Southern) | |
|---|---|---|---|
| Name *(under which you were convicted)*:<br>ANTHONY R. MURGIO | | | Docket or Case No.: |
| Place of Confinement:<br>N/A - Serving Term of Supervised Release | | Prisoner No.:<br>N/A | |
| UNITED STATES OF AMERICA<br>           V. | | Movant *(include name under which convicted)*<br>ANTHONY R. MURGIO | |

## MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

    The Honorable Alison J. Nathan, (former) United States District Judge for the Southern District of New York, (current) United States Circuit Judge for the Second Circuit Court of Appeals.

    (b) Criminal docket or case number (if you know): __1:15-cr-769 (AJN)__

2.  (a) Date of the judgment of conviction (if you know): __10/25/2017__

    (b) Date of sentencing: __6/27/2017__

3.  Length of sentence: __66 months' imprisonment; 3 years' supervised release__

4.  Nature of crime (all counts):

    Count One: Conspiracy to Operate an Unlicensed Money Transmitting Business, in violation of 18 U.S.C. Section 371; Count Three: Conspiracy to Obstruct an Examination of a Financial Institution, in violation of 18 U.S.C. Section 371; and Count Six: Conspiracy to Commit Wire Fraud and Bank Fraud, in violation of 18 U.S.C. Section 1349

5.  (a) What was your plea? (Check one)
    (1) Not guilty ☐          (2) Guilty ☑          (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

6.  If you went to trial, what kind of trial did you have? (Check one)          Jury ☐          Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?          Yes ☐          No ☑

8.  Did you appeal from the judgment of conviction?          Yes ☑          No ☐

9.   If you did appeal, answer the following:

    (a) Name of court:   United States Court of Appeals for the Second Circuit

    (b) Docket or case number (if you know):   17-3691

    (c) Result:   Dismissed

    (d) Date of result (if you know):   5/16/2018

    (e) Citation to the case (if you know):

    (f) Grounds raised:

    Appellant filed a motion for voluntary dismissal prior to briefing and the same was granted

    (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☑

        If "Yes," answer the following:

        (1) Docket or case number (if you know):

        (2) Result:

        (3) Date of result (if you know):

        (4) Citation to the case (if you know):

        (5) Grounds raised:

10.   Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☑     No ☐

11.   If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:   U.S. District Court for the Southern District of New York

        (2) Docket or case number (if you know):   1:18-cv-04761-AJN

        (3) Date of filing (if you know):  5/30/2018

        (4)   Nature of the proceeding:   MOTION to Vacate, Set Aside or Correct Sentence (28 U.S.C. Sect. 2255)

        (5)   Grounds raised:   1) Mr. Murgio's plea was not knowingly, intelligently and voluntarily entered as a result of ineffective assistance of counsel; and 2) Ineffective assistance of counsel.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐     No ☑

(7) Result:  Voluntarily Dismissed

(8) Date of result (if you know):  8/17/2020

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:  U.S. District Court for the Southern District of New York

(2) Docket of case number (if you know):   1:15-cr-769 (AJN)

(3) Date of filing (if you know):  9/5/2023

(4) Nature of the proceeding:   Pro Se Motion for Early Termination of Supervised Release

(5) Grounds raised:

Mr. Murgio argued that his good conduct and rehabiliation warranted early termination.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐     No ☑

(7) Result:  Denied

(8) Date of result (if you know):  12/5/2023

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:          Yes ☐          No ☑

(2) Second petition:      Yes ☐          No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

The first motion was voluntarily dismissed and the second did not warrant an appeal.

12.   For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** The Supreme Court's Decision in Ciminelli v. United States, 598 U.S. 306 (2023), Establishes that Mr. Murgio's Plea was Involuntary and Unintelligent

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Facts set forth in contemporaneously submitted Memorandum Brief in Support of Motion to Vacate, Set Aside, or Correct Sentence, Section V.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐          No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

The claim was foreclosed by controlling precedent at the time of Mr. Murgio's direct appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐          No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐          No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐          No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐          No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know):  _____

Date of the court's decision:  _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND TWO:**  _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

**(b)  Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

**(c)  Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☐

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)  Did you receive a hearing on your motion, petition, or application?

     Yes ☐    No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

     Yes ☐    No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

     Yes ☐    No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND THREE:** _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

(b) **Direct Appeal of Ground Three:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐     No ☐

    (2)  If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐     No ☐

    (2)  If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):


    (3)  Did you receive a hearing on your motion, petition, or application?
        Yes ☐     No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?
        Yes ☐     No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐     No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND FOUR:** _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Four:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☐

(2)  If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☐

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

    (3)  Did you receive a hearing on your motion, petition, or application?

          Yes ☐     No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

          Yes ☐     No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

          Yes ☐     No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

    (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

    The Ciminelli claim presented herein was not previously raised as it was foreclosed by precedent.

14.  Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☑

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15.   Give the name and address, if known, of each attorney who represented you in the following stages of the
      you are challenging:

      (a) At the preliminary hearing:
      Gregory W. Kehoe, 101 East Kennedy Blvd., Suite 1900, Tampa, Florida 33602

      (b) At the arraignment and plea:
      Robert A. Soloway, 100 Lafayette St. #501, New York, New York 10013 & Brian E. Klein (address below)

      (c) At the trial:
      N/A

      (d) At sentencing:
      Brian E. Klein, 2029 Century Park East, 16th Floor, Los Angeles, California 90067 & Robert A. Soloway

      (e) On appeal:
      None

      (f) In any post-conviction proceeding:
      None

      (g) On appeal from any ruling against you in a post-conviction proceeding:

      N/A


16.   Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court
      and at the same time?          Yes ✔          No ☐

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are
      challenging?          Yes ☐          No ✔

      (a) If so, give name and location of court that imposed the other sentence you will serve in the future:



      (b) Give the date the other sentence was imposed:  _____

      (c) Give the length of the other sentence:  _____

      (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or
      sentence to be served in the future?          Yes ☐          No ☐


18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain
      why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

      Mr. Murgio's claim that his guilty plea was not knowingly and intelligently entered and was for conduct which the
      Supreme Court's holding in Ciminelli establishes falls outside the scope of conduct proscribed under the federal
      fraud statutes is timely under 28 U.S.C. § 2255 (f)(3). Please see Section III of contemporaneously submitted Pro
      Se Memorandum of Law in Support of Motion to Vacate.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

vacate the convictions and sentences on all counts

---

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on  5 / 04 / 2024                     .

(month, date, year)

Executed (signed) on   5 / 04 / 2024 (date)

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY R. MURGIO, | ) |
| | ) |
| Movant, | ) USDC Case No. 1:24-cv-____ |
| | ) |
| v. | ) |
| | ) USDC Case No. 1:15-cr-769 |
| UNITED STATES OF AMERICA, | ) |
| | ) Hon. Alison J. Nathan |
| Respondent. | ) United States Circuit Judge |

## *PRO SE* MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT A FEDERAL SENTENCE OR CONVICTION PURSUANT TO 28 U.S.C. §2255(f)(3)

[Return Date to be Fixed by the Court]

COMES NOW ANTHONY R. MURGIO, Movant *pro se*, in the above

styled and numbered cause, and respectfully submits this Memorandum of

Law in support of the Motion to Vacate pursuant to 28 U.S.C. §2255(f)(3), and

would show the Court the following facts, circumstances, and points of law:

## I. Introduction

Defendant/Movant Anthony R. Murgio ("Mr. Murgio") was deprived of rights guaranteed by the Fifth Amendment to the United States Constitution when he was misled into entering an involuntary, unknowing, and unintelligent guilty plea to charges which the Supreme Court's recent decision in *Ciminelli*[1] establishes he did not commit. Mr. Murgio will demonstrate: (1) that his guilty plea was involuntary and unintelligent, *see §V.B, infra*; (2) that he is actually innocent of the offenses charged, *see §V.C, infra*; (3) that this motion is timely filed under 28 U.S.C. § 2255(f)(3), because *Ciminelli* is retroactive on collateral review, *see §III, infra*; (4) that this motion is not successive, as Mr. Murgio's prior motion to vacate was voluntarily dismissed at his request, prior to any ruling on the merits, *see §II, infra*; and (5) that Mr. Murgio is entitled to a hearing on his claim and/or vacation of his convictions and sentence in the underlying criminal case.

---

[1] *Ciminelli v. United States,* 598 U.S. 306 (2023).

## II. Jurisdiction

Pursuant to 28 U.S.C. §2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack, may move the court which imposed sentence to vacate, set aside, or correct sentence." Mr. Murgio so moves this Court on grounds that the sixty-six month sentence of imprisonment was imposed based on a guilty plea which was neither knowingly or intelligently entered, and was for conduct which falls outside the scope of criminal liability in light of the Supreme Court's holding in *Ciminelli v. United States,* 598 U.S. 306 (2023).

As Mr. Murgio's prior §2255 motion was dismissed by this Honorable Court at his request, prior to any ruling on the merits, the instant motion is not successive and is properly filed in this court and does not require appellate court authorization. *Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998); *Thai v. United States,* 391 F.3d 491 (2d Cir. 2004).

3

## III. Timeliness

Mr. Murgio's claim that his guilty plea was not knowingly and intelligently entered and was for conduct which the Supreme Court's holding in *Ciminelli v. United States*, 598 U.S. 306 (2023) establishes falls outside the proper scope of criminal liability is timely under 28 U.S.C. § 2255(f)(3).

> 28 U.S.C. § 2255(f)(3), provides:
>
> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of — . . .
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review...

The Supreme Court has concluded that this section applies to new statutory rights like the right created in *Ciminelli*. *Dodd v. United States*, 545 U.S. 354, 360 (2005) ("Dodd's § 2255 motion sought to benefit from our holding in *Richardson, supra*, which was decided on June 1, 1999. Thus, he had one year from that date within which to file his motion.").

4

The Supreme Court has long held that "to defraud" refers to "wronging one in his property rights." *Cleveland v. United States*, 531 U.S. 12, 19 (2000); *McNally v. United States*, 483 U.S. 350, 358 (1987). Prior to the Supreme Court's decision in *Ciminelli*, this Circuit considered the "right to control" a property right. *See United States v. Wallach*, 935 F.2d 445, 462-463 (2d Cir. 1991). This property right encompassed the right to control "potentially valuable economic information necessary to make discretionary economic decisions." *Ciminelli v. United States*, 598 U.S. 306, 309 (2023); *see also Wallach*, 935 F.2d at 462-463. Examples of convictions under the right-to-control theory included when the scheme "affected the victim's economic calculus or the benefits and burdens of the agreement, pertained to the quality of services bargained for, or exposed the victim to unexpected economic risk." *United States v. Percoco*, 13 F.4th 158, 170 (2d Cir. 2021), *rev'd and remanded sub nom. Ciminelli*, 598 U.S. 306.

In 2023, the Supreme Court roundly rejected the right-to-control theory. *Ciminelli*, 598 U.S. at 309. The Court held that because "the wire fraud statute

reaches only traditional property interests" the "right-to-control theory cannot form the basis for a conviction under the federal fraud statutes." *Id.* at 316. The Court noted a particular concern with the breadth of the right-to-control theory, noting a concern that it treats "mere information as the protected interest" and "criminalizes traditionally civil matters and federalizes traditionally state matters." *Id.* at 315-16.

The corollary to this interpretation of "the federal fraud statutes," is the statutory right to be free from conviction where one, like Mr. Murgio, was prosecuted under a "right-to-control theory."[2] Thus, *Ciminelli* is the functional

---

[2] See *United States v. Lebedev,* 932 F.3d 40, 48–49 (2d Cir. 2019), abrogated by *Ciminelli v. United States,* 598 U.S. 306, 143 S. Ct. 1121, 215 L. Ed. 2d 294 (2023). This opinion arose from the appeal which Mr. Murgio (who pleaded guilty) and two of his co-defendants (who proceeded to trial) filed, but from which Mr. Murgio ultimately chose to withdraw voluntarily. Nonetheless, the appellate court's description of the trial evidence illustrates the prosecution's theory of the fraud as alleged in count six. "At trial, the government presented testimony from witnesses to establish the significance of Coin.mx's misrepresentations about the nature of its business, including Erika Heinrich, who worked in the fraud investigations group at Chase Bank USA ("Chase"). Heinrich testified that Chase decides whether to process pending credit card transactions based in part on information it receives about the merchant. Chase evaluates regulatory risk, including potential fines for doing business that is illegal, as well as economic risk posed by fraudulent transactions, and considers transactions with money services or money-transmitting businesses to carry a higher risk of fraud. The evidence at trial demonstrated that Coin.mx was a money service business that was both unlawful and carried a higher risk of fraudulent transactions. The evidence also showed that

6

equivalent of *Richardson* for purposes of §2255(f)(3) analysis. *See Richardson v. United States*, 526 U.S. 813 (1999).[3]

This Honorable Court may hold the statutory right recognized by the Supreme Court on May 11, 2023, to be retroactively applicable to cases on collateral review on the basis of Supreme Court precedent "logically dictating retroactivity" or on its own analysis. *See Dodd v. United States*, 365 F.3d 1273, 1278 (11th Cir. 2004), aff'd 545 U.S. 354 (2005) ("[E]very circuit to consider this issue has held that a court other than the Supreme Court can make the retroactivity decision for purposes of §2255(f)(3)").

In *Schriro v. Summerlin*, 542 U.S. 348 (2004), the Supreme Court explained that substantive criminal law rulings are not subject to the *Teague*[4]

---

Lebedev's role in Coin.mx's scheme was to disguise Coin.mx's Bitcoin transactions through front entities such as the Collectables Club, so the institutions processing those transactions would be more likely to process and approve them. On this basis, a reasonable jury could conclude that Lebedev deprived the financial institutions of the *right to control* their assets by misrepresenting potentially valuable economic information." (Emphasis added).

[3] In *Richardson*, the Supreme Court held that to find a defendant guilty on a CCE count, a jury must find the defendant guilty by a unanimous vote of each of the constituent violations of CCE. 526 U.S. at 824.

[4] *Teague v. Lane*, 489 U.S. 288 (1989).

bar and are retroactively applicable. *Accord, Beard v. Banks*, 542 U.S. 406, 411
n.3 (2004) ("Rules that fall within what we have referred to as *Teague*'s first
exception 'are more accurately characterized as substantive rules not subject
to [*Teague*'s] bar'" (quoting *Summerlin*, supra, 352 n.4)). These cases and
*Bousley v. United States*, 523 U.S. 614 (1998), where the Court declared: "*Teague*
by its terms applies only to procedural rules" and accordingly is categorically
"inapplicable to the situation in which this Court decides the meaning of a
criminal statute enacted by Congress," logically dictate retroactive application
of the right newly recognized in *Ciminelli.*

In *Tyler v. Cain*, 533 U.S. 656 (2001), it appeared that the majority of the
Court recognized that the Court could make a new rule retroactive "through
multiple holdings that logically dictate the retroactivity of the new rule." *Id.*,
at 668 (O'Connor, J., concurring). This Honorable Court may rely on these
precedents and Justice Stevens suggestion that "[i]n such a case [where
multiple holdings logically dictate retroactivity], a prisoner could file a
petition [] immediately." *Dodd v. United States*, 545 U.S. 354, 368 n.8, (Stevens,

J., dissenting)(2005)) to find Mr. Murgio's claim timely under § 2255 (f)(3). In the alternative, this Honorable Court could hold that the newly recognized right in *Ciminelli* is retroactively applicable to cases on collateral review on its own authority. *See Dodd v. United States*, 365 F.3d 1273, 1278 (11th Cir. 2004), *aff'd* 545 U.S. 354 (2005); *See also United States v. Swinton*, 333 F.3d 481, 487 (3rd Cir.) ("We conclude -- and the parties agree -- that the statute of limitations provision of § 2255 allows district courts and courts of appeals to make retroactivity decisions."), *cert. denied*, 124 S.Ct. 458, (2003).

## IV . Review Standards

A motion for relief under §2255 follows the procedures established by the "Rules Governing Section 2255 Cases in the United States District Courts" ("Rules"). The text of §2255 states that "[u]nless the motion and the files and records of the case **conclusively** show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."[5] Similarly, the Rules dictate that, upon initial consideration by the assigned District Judge, a §2255 motion should be dismissed only "if it **plainly** appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."[6] In all other cases, "the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take action the judge may order."[7] The Rules authorize, where appropriate

---

[5] *28 U.S.C. §2255* (emphasis added).

[6] *Rule 4(b)* (emphasis added).

[7] *Id.*

and by order of the Court, discovery proceedings, an expansion of the record, and an evidentiary hearing.

Subsequent to the "Preliminary Review" stage set out in Rule 4, the ultimate legal standard for motions brought pursuant to §2255 is prescribed by statute:

> If the court finds that . . . the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant him a new trial or correct the sentence as may appear appropriate.[8]

---

[8] *28 U.S.C. §2255.*

## V. Grounds for Relief

**The Supreme Court's Decision in *Ciminelli v. United States*, 598 U.S. 306 (2023), Establishes that Mr. Murgio's Plea was Involuntary and Unintelligent**

### [1]. Introduction.

On January 9, 2017, Mr. Murgio pleaded guilty to Counts One, Three, and Six of the Superseding Indictment,[9] pursuant to a written plea agreement with the Government.[10] More than five years after he was sentenced, the Supreme Court decided *Ciminelli v. United States*, 598 U.S. 306 (2023), which narrowed the scope of the federal fraud statutes, to preclude prosecutions under the right to control theory. Applying *Ciminelli*'s interpretation of the federal fraud statutes to the prosecution's theory of the offense charged in count six results in the realization that the conduct to which Mr. Murgio pled guilty no longer constitutes a violation of the federal fraud statutes charged in that count and to which Mr. Murgio pleaded guilty. *Ciminelli* effectively

---

[9] *DE #308.*

[10] *DE #343.*

establishes that: 1) Mr. Murgio's guilty plea to count six was not voluntary, knowing, or intelligent; and 2) Mr. Murgio is actually innocent of that offense. These realities necessarily invalidate the lesser offenses included in the plea, i.e., counts one and three.

## [2]. Mr. Murgio's Guilty Plea was Involuntary and Unintelligent.

Mr. Murgio's guilty plea was involuntary and unintelligent because he was misinformed as to the nature of the charged crime. Specifically, prior to *Ciminelli,* this Circuit considered the "right to control" a property right. *See United States v. Wallach,* 935 F.2d 445, 462-463 (2d Cir. 1991). This property right encompassed the right to control "potentially valuable economic information necessary to make discretionary economic decisions." *Ciminelli v. United States,* 598 U.S. 306, 309 (2023); *see also Wallach,* 935 F.2d at 462-463. Examples of convictions under the right-to-control theory included when the scheme "affected the victim's economic calculus or the benefits and burdens of the agreement, pertained to the quality of services bargained for, or exposed the victim to unexpected economic risk." *United States v. Percoco,* 13

13

F.4th 158, 170 (2d Cir. 2021), *rev'd and remanded sub nom. Ciminelli*, 598 U.S. 306. This makes two things clear; first, that no one involved in Mr. Murgio's plea proceeding – not his attorneys, the AUSA, this Honorable Court and certainly not Mr. Murgio – correctly understood the elements of the fraud offenses charged in count six and second, the Supreme Court's decision in *Ciminelli* makes clear that Mr. Murgio could not have entered a knowing, intelligent, and voluntary plea where all parties were mistaken and Mr. Murgio was misled about this fundamental aspect of the crime alleged in count six.

A plea of guilty, like all waivers of constitutional rights, must be "voluntary" and "intelligent." *Brady v. United States*, 397 U.S. 742, 748 (1970). A plea does not qualify as intelligent unless the criminal defendant receives "real notice of the true nature of the charge against him." *Smith v. O'Grady*, 312 U.S. 329, 334 (1941). The Supreme Court has noted that, when a post-guilty-plea change in the interpretation of a criminal statute renders incorrect the information provided to the defendant about the nature of the charge,

14

such a plea is constitutionally invalid. *Bousley v. United States*, 523 U.S. 614,

618-19 (1998) ("In other words, petitioner contends that the record reveals that

neither he, nor his counsel, nor the court correctly understood the essential

elements of the crime with which he was charged. Were this contention

proven, petitioner's plea would be, contrary to the view expressed by the

Court of Appeals, constitutionally invalid.").

Mr. Murgio's guilty plea on count six was for fraud offenses which

relied on a "right-to-control theory."[11] Specifically, count six alleged that Mr.

---

[11] See *United States v. Lebedev*, 932 F.3d 40, 48–49 (2d Cir. 2019), abrogated by *Ciminelli v. United States*, 598 U.S. 306, 143 S. Ct. 1121, 215 L. Ed. 2d 294 (2023). This opinion arose from the appeal which Mr. Murgio (who pleaded guilty) and two of his co-defendants (who proceeded to trial) filed, but from which Mr. Murgio ultimately chose to withdraw voluntarily. Nonetheless, the appellate court's description of the trial evidence illustrates the prosecution's theory of the fraud as alleged in count six. "At trial, the government presented testimony from witnesses to establish the significance of Coin.mx's misrepresentations about the nature of its business, including Erika Heinrich, who worked in the fraud investigations group at Chase Bank USA ("Chase"). Heinrich testified that Chase decides whether to process pending credit card transactions based in part on information it receives about the merchant. Chase evaluates regulatory risk, including potential fines for doing business that is illegal, as well as economic risk posed by fraudulent transactions, and considers transactions with money services or money-transmitting businesses to carry a higher risk of fraud. The evidence at trial demonstrated that Coin.mx was a money service business that was both unlawful and carried a higher risk of fraudulent transactions. The evidence also showed that Lebedev's role in Coin.mx's scheme was to disguise Coin.mx's Bitcoin transactions through front entities such as the Collectables Club, so the institutions processing those

15

Murgio was part of a conspiracy to commit wire fraud and bank fraud.[12]

> ANTHONY R. MURGIO and YURI LEBEDEV, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated and agreed together and with each other to violate Title 18, United States Code, Sections 1343 and 1344.

> 34. It was a part and an object of the conspiracy that ANTHONY R. MURGIO and YURI LEBEDEV, the defendants, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, MURGIO, LEBEDEV, and co-conspirators not named herein knowingly made, and caused other individuals to make, material misrepresentations to financial institutions and others in order to deceive

---

transactions would be more likely to process and approve them. On this basis, a reasonable jury could conclude that Lebedev deprived the financial institutions of the *right to control* their assets by misrepresenting potentially valuable economic information." (Emphasis added).

[12] *DE #308, p. 17.*

those financial institutions into allowing Coin.mx to operate and process financial transactions through the institutions, and in doing so, caused wires to be transmitted to, from, and through the Southern District of New York.

35. It was further a part and an object of the conspiracy that ANTHONY R. MURGIO and YURI LEBEDEV, the defendants, and others known and unknown, willfully and knowingly, would and did execute and attempt to execute a scheme and artifice to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, financial institutions, the deposits of which were then insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344, to wit, MURGIO, LEBEDEV, and co-conspirators not named herein knowingly made, and caused other individuals to make, material misrepresentations to federally insured financial institutions and others in order to deceive those financial institutions into allowing Coin.mx to operate and process financial transactions through the institutions, and in doing so, obtained and attempted to obtain moneys, funds, and property owned by and under the custody and control of such financial institutions.

(Title 18, United States Code, Section 1349.)

17

As both objects of the conspiracy are fraud offenses and rely on the "right-to-control" theory, it makes no difference that Mr. Murgio's plea was limited to the bank fraud object of the conspiracy.[13] As the record makes clear, Mr. Murgio was mislead into pleading guilty based on the mistaken belief of his counsel, the AUSA and this Court, that fraud could be committed based on a "right-to-control" theory. The Supreme Court's recent holding in *Ciminelli* demonstrates the error in this belief. For this reason, Mr. Murgio's plea is involuntary and unintelligent.

### [3].   Mr. Murgio is Actually Innocent of the Offense in Count Six.

The conduct Mr. Murgio admitted to committing in relation to count six was placed outside the scope of criminal liability under the federal fraud statutes by *Ciminelli*. Thus, not only is Mr. Murgio's guilty plea involuntary and unintelligent, he is actually innocent of the offense charged in count six.

_____

[13] *DE #343, pp. 9-10* ("THE COURT: Okay. All right. And Mr. Murgio, in Count Six, you're charged with conspiracy to commit wire fraud and bank fraud, in violation of 18 U.S.C. Sections 1349, 1343, and 1344, and under the terms of your agreement with the government, they will accept a guilty plea to conspiracy to commit bank fraud, in violation of 18 U.S.C. Sections 1349 and 1344.").

Ordinarily, because Mr. Murgio did not raise the issue of the voluntariness of his guilty plea on direct appeal, he would not be permitted to raise the issue on collateral review. *Bousley v. United States*, 523 U.S. 614, 621 (1998). ("And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."). However, there are two exceptions to this rule: "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and 'prejudice,' or that he is 'actually innocent.'" *Id.*, *at* 622 (internal citations omitted).

Mr. Murgio will establish his actual innocence to excuse his procedural default. To do so, Mr. Murgio must "show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schulp v. Delo*, 513 U.S. 298, 327 (1995)(quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Of course, this standard was designed to be applied after a trial and conviction. Here, there was no trial as to Mr. Murgio because he pleaded

19

guilty. Accordingly, the only evidence available for evaluation at this stage is the record of Mr. Murgio's plea agreement, rule 11 hearing transcript and factual basis, and the appeal of this co-defendants who proceeded to trial, all of which reflects that his plea to count six was based on the "right-to-control" theory, subsequently invalidated by the Supreme Court in *Ciminelli*.[14] The Supreme Court confronted this very situation in *Bousley*, instructing that, if a petitioner makes a colorable showing that a post-plea interpretation of the law by the Supreme Court renders his plea involuntary, the district court should hold a hearing at which the petitioner could attempt to show that he is actually innocent of the charges. *Bousley*, 523 US. at 623. Mr. Murgio is entitled to such hearing based on the record and his showing herein.

---

[14] *Id.*, 598 U.S. at 316 ("The right to valuable economic information needed to make discretionary economic decisions is not a traditional property interest. Accordingly, the right-to-control theory cannot form the basis for a conviction under the federal fraud statutes.").

## VI. Prayer for Relief

Mr. Murgio was deprived of his fundamental rights guaranteed by the Fifth Amendment to the United States Constitution, when he was misled into entering an involuntary, unknowing, and unintelligent guilty plea to a charge which the Supreme Court's recent decision in *Ciminelli* establishes he was and is actually innocent of committing. Mr. Murgio is entitled to and respectfully requests vacation of the convictions and sentence, or if this Court is unprepared to so rule on the existing record, an evidentiary hearing should be held to allow Mr. Murgio to prove his actual innocence of the offense charged in count six.

Respectfully submitted this __4__ day of May, 2024.

Mr. Anthony R. Murgio, *Pro Se*
915 North Franklin Ave
Unit 816
Tampa, Florida 33602

## VII. Verification

I, Anthony R. Murgio, verify under penalty of perjury, pursuant to 28 U.S.C. §1746 that the foregoing is true and correct. Executed this $\underline{4}$ day of May, 2024.

Mr. Anthony R. Murgio, *Pro Se*
915 North Franklin Ave
Unit 816
Tampa, Florida 33602

Part # 156297-435 RRDB2 EXP 09/24

ORIGIN ID:KYOA (813) 203-5134
ANTHONY ROBERT MURGIO
700 S HARBOUR ISLAND BLVD UNIT

TAMPA, FL 33602
UNITED STATES US

SHIP DATE: 04MAY24
ACTWGT: 0.45 LB
CAD: 6991528/SF02500

BILL CREDIT CARD

TO CLERK OF COURT
PRO SE INTAKE UNIT
500 PEARL STREET

NEW YORK NY 10007
(813) 203-6134

REF:
DEPT:

FedEx
Express

E

TUE - 07 MAY 5:00P
** 2DAY **
ASR
10007
NY-US EWR

TRK# 2742 4233 1338
0201

SS PCTA

RECEIVED
MAY - 7 2024
PRO SE OFFICE

Envelope

Recycle me